IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANN M. SHELDON,

    Plaintiff,

vs.                                                                          CASE NO. 1:05CV184-MMP/AK

MICHAEL J. ASTRUE,[1]
**Commissioner of Social Security**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for disability insurance benefits (DIB) filed under Title XII of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

A.  **PROCEDURAL HISTORY**

Plaintiff filed an application for DIB on September 17, 2001, alleging a disability onset date of March 1, 2003,[2] because of diabetes, arthritis in hands and shoulders, asthma, hypertension, and pain in the legs and feet.  Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on December 8, 2003, and entered an unfavorable decision on March 31, 2004.  The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner.  This action followed.

B.  **FINDINGS OF THE ALJ**

The ALJ found that Plaintiff's diabetes, asthma, hypertension and left upper extremity discomfort are severe within the meaning of the Act, but do not meet any of the requirements under the Listing of Impairments.  The ALJ further found her reported limitations to be less than credible and that Plaintiff was capable of performing light work which did not preclude her from performing her past relevant work as a nursery school worker and cashier.

C.  **ISSUES PRESENTED**

Plaintiff argues that the ALJ violated the pain standard utilized in the Eleventh Circuit when he failed to articulate the evidentiary basis for rejecting her credibility, especially since the medical records support an orthopedic impairment that could reasonably be expected to produce pain.

---

[2] Plaintiff amended her onset date at the hearing from August 1, 2001, to March 1, 2003. (R. 14).

**No. 1:05CV184-MP/AK**

The government responds that the ALJ clearly expressed his reasons for rejecting the severity of her pain, as alleged, based on her infrequent medical treatment, especially that she had sought no treatment after her amended onset date (R. 17), and that the objective medical tests showed no disabling cause of her left wrist and shoulder pain. (R. 17). The ALJ also noted that no doctor had suggested anything but conservative treatment, particularly no one had suggested surgery to treat these areas. (R. 17). The ALJ properly noted that Plaintiff's asthma was well controlled and her diabetes would be if she were compliant with her medication. (R. 17). The ALJ also referred to her daily activities as inconsistent with her reported limitations, particularly her work activities which required lifting up to 35 pounds and mopping floors. (R. 17-18). Thus, there was substantial evidence to support the ALJ's findings and his decision should be affirmed.

### D. **STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court. The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). It

is more than a scintilla, but less than a preponderance. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996). It must determine only if substantial evidence supports the findings of the Commissioner. See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam). Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education,

**No. 1:05CV184-MP/AK**

and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary.  Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work.  If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform.  Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner.  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).  It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final

**No. 1:05CV184-MP/AK**

decision with or without remand. 42 U.S.C. § 405(g); <u>Myers v. Sullivan</u>, 916 F.2d 659, 676 (11th Cir. 1990).

### E.    SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY

Treatment notes prior to Plaintiff's onset date show that she sought treatment for left wrist and shoulder pain in September 1999, and an x-ray showed only degenerative changes for which she was treated conservatively. (R. 143-170). Later treatment in 2001 indicated she had a "possible TFCC tear" in the left wrist, but even this injury was treated conservatively with no indication of permanent limitation or a suggestion for surgery. (R. 199-215). She sought sporadic treatment for problems related to diabetes and asthma, but was frequently found to be non-compliant with her medications. (R. 143-170, 171-198). The only treatment sought after her amended onset date was an emergency room visit following an accident where x-rays taken of her left shoulder, arm and wrist were normal. (R. 237-242). She was given a limited prescription for pain medication and told to rest, ice, and elevate the area. (R. 240). The results of a consultative examination were normal. (R. 216-217).

### F.    SUMMARY OF THE ADMINISTRATIVE HEARING (held December 8, 2003)

Plaintiff was 54 years old at the time of the hearing, had a GED with special training as a daycare worker. (R. 249). She last worked in that field with a large number of children, handicapped, and also as a cashier. (R. 251-252). She lifted 30 to 35 pounds at both jobs. (R. 253-254). She currently works at Publix four or five hours a day as a bagger. (R. 257). She lifts about 35 pounds maximum at this job. (R. 258).

**No. 1:05CV184-MP/AK**

She is also required to mop floors. (R. 258). She currently seeks no medical treatment and takes no medication for either her asthma or her diabetes and has not since she has been in Florida (2002). (R. 253, 268). The vocational expert listened to her testimony at the hearing and testified that her past relevant work as a daycare worker and cashier, as she described it, was medium work, as was the present job she was performing. (R. 271-272). No hypothetical was given to the expert and Plaintiff's attorney asked no questions of him.

## G. DISCUSSION

Pain and other subjective symptoms are treated by the regulations as symptoms of disability. Title 20 C.F.R. § 404.1529 provides in part that the Commissioner will not find disability based on symptoms, including pain alone, "unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce these symptoms." Accord 20 C.F.R. § 416.929. In Hand v. Heckler, 761 F.2d 1545, 1549 (11th Cir. 1986), the Eleventh Circuit adopted the following pain standard:

> There must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

The Eleventh Circuit continues to follow the Hand test. Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991); Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991); Martin v. Railroad Retirement Bd., 935 F.2d 230, 233 (11th Cir. 1991). "While both the regulations and the Hand standard require objective medical evidence

**No. 1:05CV184-MP/AK**

of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself." Elam, 921 F.2d at 1216.  The court has held that "[p]ain alone can be disabling, even when its existence is unsupported by objective evidence."  Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992), citing Walker v. Bowen, 826 F.2d 996, 1003 (11th Cir. 1987).  Standing alone, however, a claimant's testimony of pain is not conclusive evidence of disability.  Macia v. Bowen, 829 F.2d 1009, 1011 (11th Cir. 1987).  If the Commissioner rejects a claimant's allegations of pain, he must articulate explicit and adequate reasons, and these reasons must be based on substantial evidence.  Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987). The failure to articulate adequate reasons for discrediting pain testimony mandates that the testimony be accepted as true as a matter of law.  Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

The ALJ clearly and precisely articulated a number of reasons for rejecting Plaintiff's allegations of severe pain and limitation.  He referred to the fact that there had been no medical treatment of record since 2001, except an emergency room visit and the x-rays taken at that time of Plaintiff's left shoulder, arm and hand were all normal. (R. 17).  The results of a consultative examination were all normal and the only pain medication Plaintiff had ever used regularly was over-the-counter.  (R. 17).  The ALJ referred to her work efforts, which the vocational expert described as medium work, and self reported daily activities such as cooking, washing dishes, laundry, and shopping, as supportive of a residual functional capacity of at least light work, as found by the state

**No. 1:05CV184-MP/AK**

agency doctors and supported by the consultative examiner. (R. 17). A vocational expert testified at the hearing that Plaintiff could perform her past relevant work, and as such she is not disabled. (R. 18). Thus, Plaintiff's argument that the ALJ failed to articulate his reasons for rejecting her credibility is not well taken. Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this **9th** day of March, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:05CV184-MP/AK**